## Rothermel v. York Livestock Market, Inc.

*Liverant, Senft & Cohen,* for plaintiffs.
*McNees, Wallace & Nurick,* for defendant.

ATKINS, P. J., July 22, 1968.—Plaintiffs have filed their complaint in equity alleging they have a derivative cause of action against defendant corporation and the individual defendants, who either have been or now are officers and directors of the corporate defendant. Briefly stated, their complaint is that during the period of 1957 through 1965 Koons and Peters were officers and directors of York Livestock Market, Inc. During this period credit was extended by the corporation to Peters, who was known to be a poor financial risk. It is also alleged that Koons, while president and a director of the corporation, permitted the indebtedness of Peters to be subordinated to a loan with the Small Business Administration.

The allegations regarding Rabold and Wenrich are that they were officers and directors of the corporation from September 1966 to date and that during that time they failed to bring suit or use any other means to collect the money due from Peters. None of the in-

debtedness has been collected, thereby causing a substantial loss to the corporation.

Preliminary objections were filed to the complaint consisting of (A) a motion to strike, and (B), a demurrer. It is stated in the demurrer that the complaint fails to state a cause of action against Wenrich and Rabold, so by not mentioning any other parties defendant the demurrer appears to be filed only on behalf of these two. The motion to strike is completely silent on the question of in whose behalf it is filed. Since, however, counsel filing it signed as attorneys for York Livestock Market, Inc., A. D. Rabold, Jr., John R. Wenrich and Earl A. Koons, we assume this motion is filed on behalf of all of the clients named.

The motion to strike is based upon noncompliance by plaintiff with Pennsylvania Rules of Civil Procedure 1506 (2) which requires a complaint in a derivative suit such as this to set forth "the efforts made to secure enforcement by the corporation or similar entity or the reason for not making any such efforts". It is obvious no such efforts are set forth. It is argued in plaintiffs' brief that sufficient reason is stated to excuse the failure to show that any such efforts would have been futile. Such a showing would excuse the lack of efforts to obtain corporate action: Evans v. Diamond Alkali Company, 315 Pa. 335. Plaintiff argues here that Koons and Peters were so deeply involved in the misconduct that it would have been a futile gesture to ask them to proceed. Nowhere is it alleged that they were the only board members or that they made up a majority of the board of the corporation, only that they could have been in a position to have prevented corporate action.

This observation applies likewise to Rabold and Wenrich during their tenure as directors. It is clear that Rabold and Wenrich were not in any official posi-

tion with the corporation while the alleged improper extension of credit was taking place. They are not charged with any responsibility concerning that aspect of the case. Their only alleged dereliction is a failure to sue or to take other measures to collect from Peters. There may be any number of valid reasons for failing to move to collect a debt, one of which appears likely to be present here, namely that the debtor is insolvent. Law suits are expensive and it might be a greater imprudence to spend money to obtain an uncollectible judgment than it is to forego obtaining a judgment that at best would produce money only at some indefinite future time, if ever. It therefore appears that especially in view of the insolvency of Peters, which for the purpose of passing on these objections must be taken as a fact, plaintiffs should, if these two defendants are to be charged with dereliction, show that the action sought to be required of these defendants would have at least a reasonable possibility of success.

We enter this

### ORDER

And now, to wit, this July 22, 1968, at 10 a.m., it is ordered, adjudged and decreed that the motion to strike plaintiffs' complaint filed on behalf of York Livestock Market, Inc., A. D. Rabold, Jr., John R. Wenrich and Earl A. Koons, be and is hereby sustained and that the demurrer filed on behalf of A. D. Rabold, Jr. and John R. Wenrich be and is hereby sustained. Plaintiff is granted leave to file an amended complaint within 20 days from the date of this order.

In the event such an amended complaint is not filed, the prothonotary will strike the complaint from the record as to defendants on whose behalf the motion to strike was filed, and will enter judgment in favor of defendants, A. D. Rabold, Jr. and John R. Wenrich.